IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CHASE CARMEN HUNTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:14-CV-1146-WKW |
| | ) | (WO) |
| JIM L. RIDLING, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Before the court is the verified motion of Plaintiff Chase Carmen Hunter requesting that this court vacate its previous order denying Hunter's motion for relief from the court's judgment dismissing this case for failing to pay the filing fee and denying her motion for relief from the Magistrate Judge's denial of her motion for access to electronic filing, which the court construes as a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e).  (Doc. # 26.)

On November 10, 2014, Hunter filed a *pro se* civil complaint. Hunter also filed motions for leave to file *in forma pauperis* (Doc. # 2) and for "access to the electronic filing system" in the district court (Doc. # 5).  On November 14, 2014, the Magistrate Judge issued an order denying the motions and finding that Hunter was not indigent because her affidavit revealed that she had an average monthly income of $1,925, and $150,000 in equity in her home and other real property. (Doc. # 8.)  The Magistrate Judge also found no merit in Hunter's argument that her alleged indigency created an exceptional circumstance that warranted a departure from this court's local rules and

orders that disallow electronic filing by *pro se* litigants. The Magistrate Judge directed Hunter to pay the filing fee by December 3, 2014. The Magistrate Judge specifically warned Hunter that, "[i]f she fails to pay the required filing fee by the deadline set by the court, this action may be dismissed." (Doc. # 8 at 2.)

Hunter did not pay the filing fee. Hunter did not seek an extension of the payment deadline. Hunter did not timely object to the Magistrate Judge's order pursuant to Federal Rule of Civil Procedure 72(a). Hunter did not file additional information to alert the court as to what she now contends was an error in her original motion to proceed *in forma pauperis* that she herself was unaware of until *March 2015*. (Doc. # 23 at 2.) In short, after the Magistrate Judge denied Hunter's motion to proceed *in forma pauperis*, the case fell silent until December 10, 2014, when, as Plaintiff had been warned, the court dismissed the case without prejudice for failure to pay the filing fee. (Doc. # 10; Doc. # 11.)

On December 11, 2014, Hunter filed a notice of appeal. Also on December 11, 2014, Hunter filed an untimely objection to the Magistrate Judge's order. (Doc. # 14.) The court construed the motion as containing a motion to proceed *in forma pauperis* on appeal, and denied it. (Doc. # 20.)

On July 21, 2015, the United States Court of Appeals for the Eleventh Circuit entered an order denying motions seeking, among other things, leave to proceed on appeal *in forma pauperis* and a password for electronic filing. (Doc. # 22.) In that order, as grounds for denying the motion to proceed on appeal *in forma pauperis,* the Eleventh Circuit found (1) that, given the information in Hunter's original motion to proceed *in*

2

*forma pauperis*, the Magistrate Judge "did not abuse her discretion in finding that Hunter was not indigent and was required to pay the appropriate filing fee," (2) that the Magistrate Judge "correctly concluded that Hunter, as a *pro se* litigant, was not allowed access" to the court's electronic filing system, and (3) that "Hunter's case was properly dismissed without prejudice for failure to pay the filing fee." (Doc. # 22 at 3-6.)

On July 30, 2015, Hunter filed a motion for relief from judgment (Doc. # 23) arguing that, in March 2015, she discovered that, at the time she filed her motion to proceed *in forma pauperis* in November 2014, and at all times prior to March 21, 2015, she was unaware that proceedings had been or would be instituted in Virginia to execute a Florida state court judgment on one of the rental properties that she owns in Virginia. According to Hunter, unbeknownst to her, in December 2014, someone visited the tenant of the property and advised the tenant to cease paying rent to Hunter. "The tenant *subsequently* ceased paying rent" to Hunter. (Doc. # 23 at 2 (emphasis added).) Therefore, according to Hunter, her motion to proceed *in forma pauperis* was inaccurate because it stated her income from the property at the time the motion was filed, but did not predict that, at some point near or after the December 10, 2014 deadline to pay the filing fee, Hunter's monthly income would decrease by $500.00 or that her assets would decrease.

Also on July 30, 2015, Hunter filed a motion for relief from the Magistrate Judge's order denying her motion for access to the electronic filing system. (Doc. # 24.) She raised the same arguments as those in her November 14, 2014 motion: that she is indigent and that other courts have allowed her to file electronically. (Doc. # 5; Doc. # 24.) The

3

court notes that this motion was an extremely untimely objection to the Magistrate Judge's order, filed while an appeal challenging the same order was pending.  *See* Fed. R. Civ. P. 72(a) ("A party may serve and file objections to the order [nondispositive order of a Magistrate Judge] within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.").

On August 5, 2015, the court entered an order denying Hunter's postjudgment motions.  (Doc. # 25.)  On September 14, 2015, Hunter filed a motion to vacate that order, arguing that the court failed to consider updated information submitted with her Rule 60(b) motion regarding the fact that, after a tenant stopped paying rent in December 2014, her income was reduced by $500 per month.  (Doc. # 26.)  Hunter's motion is due to be denied on several grounds.

First, the motion is due to be denied as untimely.  Although a party may file a Rule 59(e) motion challenging a ruling on a Rule 60(b) motion, the Rule 59(e) motion must be timely filed.  *See Cano v. Baker*, 435 F.3d 1337, 1341 (11th Cir. 2006) (noting that a timely filed Rule 59(e) motion requesting reconsideration of the denial of a Rule 60(b) motion tolls the time for filing a notice of appeal).  Rule 59(e) requires that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."  Fed. R. Civ. P. 59(e).  Thus, September 2, 2015 was the deadline for Hunter to file a Rule 59(e) motion challenging the August 5, 2015 order denying her Rule 60(b)

4

motion. Hunter's Rule 59 motion was signed and dated September 3, 2015,[1] but was not filed until September 14, 2015.

Second, to the extent that Hunter challenges the merits of the order denying her Rule 60(b) motion, that Rule 60(b) motion is itself without merit. Hunter argues that, in March 2015, she discovered evidence that her November 10, 2014 motion to proceed *in forma pauperis* contained an error because, in November 2014, she was unaware of the existence or imminence of execution proceedings against her property in Virginia and failed to predict that the outcome of those proceedings could reduce her assets or monthly income at some time in the future. The November 2014 motion also failed to predict that, in January 2015, a court order would be entered depriving her of her Virginia property or that her income from that property did in fact decrease no earlier than sometime in December 2014. (*See* Doc. # 23.) A motion to proceed *in forma pauperis* is decided based on the applicant's financial status at the time of the filing of the motion. *Flowers v. Turbine Support Div.*, 507 F.2d 1242, 1245 (5th Cir. 1975), superseded by statute on other grounds as recognized in *Thompson v. Drewry*, 138 F.3d 984, 985–86 (5th Cir. 1998)[2] ("There is no requirement under 28 U.S.C. § 1915 that an application to proceed IFP be filed at any particular time. The statute contemplates that a person not a pauper at

---

[1] Although the date of signing the motion is not determinative of its timeliness, the date of the filing of the motion is noted simply to observe that the motion was not complete for purposes of filing until after the deadline to file a Rule 59(e) motion. Hunter raises a futile challenge to the court's refusal to waive its rules and allow her access to the electronic filing system. However, in this case, access to the electronic filing system on the date the motion was completed would not have permitted Hunter to file her Rule 59(e) motion by the deadline.

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

the commencement of a suit may become one during or prior to its prosecution. In fact, since one may not legitimately make such an application until he becomes a pauper, his application may not be denied simply because he made an initial decision to attempt to pay his own way."). Assuming, without deciding, that the unforeseen (in November 2014) decrease in Hunter's assets or income due to the nonpayment of rent would, *at some future time*, qualify Hunter to proceed *in forma pauperis*, on this record, there is no evidence that the reduction in income or assets had occurred as early as November 10, 2014, when she filed her motion to proceed *in forma pauperis*, or that it occurred prior to the December 10, 2014 dismissal of this lawsuit.

Further, for the reasons stated in the August 5, 2015 Order, Hunter's Rule 60(b) motion was due to be denied on the merits.

Accordingly, it is ORDERED that Hunter's Rule 59(e) motion (Doc. # 26) is DENIED.

DONE this 6th day of October, 2015.

                                          /s/ W. Keith Watkins
                                  CHIEF UNITED STATES DISTRICT JUDGE